UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LUIS RAMIREZ,

          Petitioner,

   - against -

UNITED STATES OF AMERICA

          Respondent.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/14

## OPINION AND ORDER

07-cv-459 (SAS)
98-cr-438 (PGG)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

Petitioner Luis Ramirez, proceeding pro se, petitions this Court for leave to supplement his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255").[1] He challenges his sentence on the ground that he was denied effective assistance of counsel as a result of his counsel's failure to advise him of a plea offer.[2] For the following reasons, Ramirez's petition is DENIED.

---

[1]    *See* Petition for Leave to Supplement Section 2255 Motion ("Petition").

[2]    *See id.* at 3.

## II.    BACKGROUND[3]

After a jury trial, Ramirez and his brother, Juan Ramirez, (the "Ramirezes"), were convicted of numerous crimes relating to racketeering, narcotics trafficking, robbery, assault, kidnaping, murder, interstate transportation of stolen property, and the use and possession of firearms (including violations of the Racketeering Influenced Corrupt Organizations Act ("RICO"), the Violent Crimes in Aid of Racketeering Statute ("VICAR"), and the Hobbs Act).[4]  The district court sentenced Ramirez to life imprisonment plus five years.[5]

The Ramirezes originally filed individual pro se section 2255 motions.[6]  On March 11, 2010, they filed a joint section 2255 motion through their court appointed counsel arguing they both received ineffective assistance of counsel at trial for the following reasons: (1) failure to object to the trial court's jury instructions with respect to the violence in aid of racketeering offenses; (2)

---

[3]    The Court assumes the parties' familiarity with the facts and prior opinions of this Court and only the background relevant to the instant motion is set forth below.

[4]    Memorandum of Law of the United States of America in Opposition to Luis Ramirez's Motion to Supplement His Petition Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence ("Gov. Mem."), at 2.

[5]    *See id*.

[6]    *See id*. at 3.

failure to object to lack of proper venue for the Hobbs Act robbery offense; (3) failure to object to the defective indictment; and (4) failure to challenge proof of the racketeering enterprise.[7]  On November 22, 2011, Judge Ronald L. Ellis issued a Report and Recommendation recommending that the petition be denied entirely.[8] On August 1, 2012, this Court entered an Opinion and Order adopting all of Judge Ellis' recommendations except with respect to an appellate issued raised by Juan Ramirez.[9]

On September 28, 2012, Ramirez filed a Notice of Appeal.[10]  On April 17, 2013, the Second Circuit denied a certificate of appealability.[11]  Ramirez filed a motion for leave to supplement his petition, which was denied without prejudice in light of the pending appeal.[12]  On May 17, 2013, Ramirez filed another motion for leave to supplement his petition pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.[13]  Ramirez argues that he received ineffective assistance of trial

---

[7]     *See id*. at 3-4.

[8]     *See id*. at 4.

[9]     *See Ramirez v. United States*, 898 F. Supp. 2d 659 (S.D.N.Y. 2012).

[10]    *See* Gov. Mem. at 4.

[11]    *See id*.

[12]    *See id*.

[13]    *See* Petition at 3.

-3-

counsel because he was not advised of a plea offer.[14]

## III.   LEGAL STANDARDS

### A.   Antiterrorism and Effective Death Penalty Act ("AEDPA")

Under the AEDPA, "'a petitioner incarcerated pursuant to a federal judgment cannot bring a second or successive motion for habeas relief, unless he or she first obtains permission from a court of appeals.'"[15]  The district court in receipt of a section 2255 motion that has not been authorized by the Second Circuit should transfer the petition or motion to the Second Circuit in the interest of justice.[16]  The district court must first however, determine whether the pending petition is "second or successive."[17]  "'For a subsequent petition to be considered second or successive, bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits.'"[18] The adjudication of a habeas petition "'will not be final until petitioner's

---

[14]     *See id.*

[15]     *John v. United States*, No. 11 Civ. 1090, 2011 WL 3278593, at *1 (S.D.N.Y. 2011) (quoting *Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010) (citations and quotations omitted)).

[16]     *See Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

[17]     *See John*, 2011 WL 3278593, at *1 (citations omitted).

[18]     *Id*. (quoting *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005)) (citations omitted).

opportunity to seek review in the Supreme Court has expired.'"[19]

### B.    Rule 15(d)

Rule 15(d) provides that: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  It is well-established that Rule 15 applies to section 2255 motions.[20]  Moreover, "'[t]he standard for the exercise of discretion on a motion to supplement the pleadings under Rule 15(d) is the same as that for a motion to amend a complaint under Rule 15(a).'"[21]  Pursuant to Rule 15(d), a court may grant a motion to supplement "'[i]n the exercise of its discretion, upon reasonable notice and upon such terms as may be just.  Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted.'"[22]

---

[19]    *Whab*, 408 F.3d at 120.

[20]    *See* Rule 12 of the Rules Governing Section 2255 Proceedings.

[21]    *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08 Civ. 7141, 2011 WL 4444086, at *2 (S.D.N.Y. Sept. 26, 2011) (quoting *Gittens v. Sullivan*, 670 F. Supp. 119, 123-24 (S.D.N.Y. 1987), *aff'd*, 848 F.2d 389 (2d Cir. 1988)).

[22]    *Id*. at *3 (quoting *Quarantino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir. 1995)) (citations omitted).

## C.     Section 2255

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.[23]

Relief under section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice."[24]  Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, courts have established rules that "make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."[25]

The Second Circuit has interpreted section 2255 "as requiring a

---

[23]     28 U.S.C. § 2255(a).

[24]     *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quotation marks and citations omitted).

[25]     *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quotation marks and citations omitted).

hearing in cases where the petitioner has made a 'plausible claim' of ineffective assistance of counsel."[26]  The petitioner need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that "'he will necessarily succeed on the claim.'"[27]  To warrant a hearing, a petitioner's "application must contain assertions of fact that [the] petitioner is in a position to establish by competent evidence."[28]  "With respect to a claim that counsel's ineffective assistance led to the rejection of a plea offer that, properly informed, would have been accepted, a petitioner seeking a hearing must proffer arguably credible evidence of a *prima facie* case, that but for counsel's improper advice, the petitioner would have accepted the plea offer."[29]

However, "[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at

---

[26]   *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)).

[27]   *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000) (quoting *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir. 1993) (citations omitted)).

[28]   *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987).

[29]   *Puglisi*, 586 F.3d at 215.

a hearing."[30]  Nor is a court required to presume the credibility of factual assertions "where the assertions are contradicted by the record in the underlying proceeding."[31]  Moreover, "'[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'"[32]  Depending on the allegations in the petition, a "court may use methods under [s]ection 2255 to expand the record without conducting a full-blown testimonial hearing."[33]  Potential methods available to a court to supplement the record include "'letters, documentary evidence, and, in an appropriate case, even affidavits.'"[34]

## D.    Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance fell below "an objective standard of

---

[30]    *Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007) (quoting *Aiello*, 814 F.2d at 113-14).

[31]    *Puglisi*, 586 F.3d at 214.

[32]    *Id*. at 213 (quoting Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts).

[33]    *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977) (stating that courts "may employ a variety of measures in an effort to avoid the need for an evidentiary hearing")).

[34]    *Id*. (quoting *Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970) (footnote omitted)).

reasonableness" under "prevailing professional norms"; and (2) that he suffered prejudice as a result of that representation.[35]  Both elements must be proven by the petitioner to assert a valid claim.  When considering the first factor, a court must apply a "strong presumption" that counsel's representation fell within the "wide range" of reasonable professional assistance.[36]  It is the petitioner's burden to show"'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"[37] "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[38]  "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[39]

　　　　Even if an attorney's performance is objectively unreasonable, a

---

[35]　　*Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984).

[36]　　*Id*. at 689.  *Accord Bell v. Cone*, 535 U.S. 685, 697-98 (2002).

[37]　　*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687).

[38]　　*Strickland*, 466 U.S. at 690.

[39]　　*Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).

petitioner must still prove prejudice.[40]  "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'"[41] "The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[42]  As explained by the Supreme Court, the order of analysis of the two *Strickland* prongs – performance and prejudice – is at the discretion of the court.[43]

> [T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.[44]

---

[40]     *See Strickland*, 466 U.S. at 687.

[41]     *Harrington*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 693).

[42]     *Strickland*, 466 U.S. at 694.

[43]     *Id*. at 693 ("Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they had actually had an adverse effect on the defense.").

[44]     *Id*. at 697.

-10-

Thus, if the court finds that there is no prejudice, it need not reach the performance prong.[45]

Under the Sixth Amendment, a defendant is entitled to the effective assistance of counsel in connection with plea negotiations because one of any attorney's basic duties is to advise his client on whether to accept a plea offer from the government.[46]  "As part of this advice counsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed."[47]  An attorney's failure to communicate a plea offer to his client or advise his client adequately about the

---

[45]     *See Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir. 2000) (stating that courts need not resolve the *Strickland* performance prong if the prejudice prong is more readily resolved).

[46]     *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."); *Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005) ("[C]ounsel has a professional obligation to adequately inform [his] client about the considerations that are relevant to [his] client's decision to accept or deny a plea bargain."); *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (defense attorneys have "a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government"); *Purdy v. United States*, 208 F.3d 41, 44-45 (2d Cir. 2000).

[47]     *Purdy*, 208 F.3d at 45.  *Accord Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

decision to plead guilty, may constitute a constitutionally deficient performance.[48] Thus, "counsel's failure to convey a plea offer falls below an objective standard of reasonableness and [] satisfies *Strickland's* first prong."[49]

In addition to proving that counsel's performance was objectively deficient, a petitioner must also meet his burden under *Strickland*'s second prong and prove that counsel's errors actually prejudiced his case.  To prove actual prejudice in connection with plea proceedings, a petitioner must demonstrate "'that the outcome of the plea process would have been different with competent advice."[50]  Thus, the petitioner must show that (1) "there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)," (2) "that the court would have accepted its terms," and (3) "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were

---

[48]     *See, e.g., United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010); *Cullen v. United States*, 194 F.3d 401, 404 (2d Cir. 1999); *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998); *Boria v. Keane*, 99 F.3d 492, 496-97 (2d Cir. 1996).

[49]     *Brown*, 623 F.3d at 112 (citing *Pham*, 317 F.3d at 183).

[50]     *Lafler*, 132 S. Ct. at 1384.

imposed."[51]  "[A] defendant can make this showing by producing both a sworn affidavit or testimony stating that he would have accepted or rejected a plea agreement but for counsel's deficient performance and also some additional 'objective evidence' supporting his claim."[52]  A significant sentencing disparity may constitute such 'objective evidence' to support a finding that "the petitioner would have accepted the proposed plea offer if properly advised."[53]  "[H]owever, the district court must still find the [petitioner]'s evidence to the effect that he would have made a different decision but for his counsel's advice to be credible."[54]

## IV.    DISCUSSION

          Ramirez argues that the instant supplemental petition should be permitted, and not considered a 'second or successive' petition, because he did not learn of the alleged ineffective assistance of counsel regarding a lower plea offer until September 26, 2012, and it is therefore a newly discovered claim.[55]  He argues

---

[51]     *Id*. at 1385.

[52]     *United States v. Frederick*, 526 Fed. App'x 91, 93 (2d Cir. 2013) (citing *Gordon*, 156 F.3d at 381 and *Pham*, 317 F.3d at 182).

[53]     *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011) (citing *Puglisi*, 586 F.3d at 215).

[54]     *Frederick*, 526 Fed. App'x 91 (citing *Purdy*, 208 F.3d at 49 and *United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005)).

[55]     *See* Petition at 3.

further that because his opportunity to seek review in the United States Supreme Court has not expired and thus his initial section 2255 motion has not been finally adjudicated, the instant supplement is also timely.[56]

Because the supplemented claim is grounded on events and information that Ramirez did not learn of until after the filing of his original petition in March 2010, I find the petition to meet the standards of Rule 15(d). Additionally, the claim is deemed supplemental rather than "second or successive" because Ramirez's opportunity to seek review in the Supreme Court has not expired.  The Government has not argued that this is a successive petition.

### A.     Ramirez Failed to Show that His Attorney's Performance Fell Below an Objective Standard of Reasonableness

Ramirez argues that he received ineffective assistance of counsel because his attorney failed to disclose to him that the government's initial plea offer of twenty-five years was negotiated to a lower offer of twenty years.[57]  That is, had he been informed of the more favorable plea offer of twenty years if he

---

[56]     *See id*. at 4.

[57]     *See* Petitioner Luis Ramirez's Memorandum of Law in Support of His Petition for Leave to Supplement His Section 2255 Motion ("Ramirez Mem."), at 3.

were to plead guilty, he would have accepted the offer.[58]  In support of his petition, Ramirez submits a declaration stating that he learned from a September 19, 2012 letter from his defense counsel, Lisa Scolari, that the government's initial plea was negotiated down to an offer of twenty years but that he had only been informed of the twenty-five year plea deal.[59]  Ramirez also alleges that he was not properly advised of possible departures from sentencing guidelines, the risks and benefits of a plea offer, or of further negotiations with the government and therefore he could not "make a voluntary and intelligent decision on whether to accept the government's twenty-five year plea offer or proceed to stand trial."[60]  In addition to the letter from Scolari, Ramirez also submits identical affidavits from his wife, Bielka Filpo, his mother, Virginia Ramirez, his sister, Virginia Ramirez, and his brother, Edgardo Ramirez, stating that they each only knew of the government's twenty-five year plea offer.[61]

---

[58]     *See id*. at 6.

[59]     *See* 5/9/13 Declaration of Petitioner Luis Ramirez in Support of Petition for Leave to Supplement Section 2255 Motion ("Ramirez Decl.") ¶ 4, Ex. 1 to Ramirez Mem.  *See also* 9/19/12 Letter from Scolari to Ramirez, Ex. 2 to Ramirez Mem. ("Scolari Letter").

[60]     Ramirez Decl. ¶¶ 6-7.

[61]     *See* 11/14/12 Affidavit of Virginia Ramirez, petitioner's mother, in Support of Petition for Leave to Supplement His Section 2255 Motion, Attachment A to Ramirez Decl.; 11/14/12 Affidavit of Virginia Ramirez, petitioner's sister, in

In her letter, Scolari recalls that they "discussed the offer at length," and that she expressed "concern[] about [Ramirez] being convicted at trial and receiving a life sentence."[62]  Although Scolari concedes in her letter that she did not recall all of the details or if there was a written plea agreement, she affirms that Ramirez was "definitely made a plea offer of twenty *or more* years."[63] Additionally, she states that she tried "to convince [Ramirez] to plead because of the high likelihood of conviction and a much greater sentence."[64]  Finally, she states that "at the time [Ramirez] felt that twenty years was so long that it was no different from a life sentence" and that he would not accept the offer.[65]  While Ramirez attempts to use Scolari's general references to twenty years, rather than twenty-five, to make a showing that he was not informed or advised about a lower plea offer, the letter shows that Scolari reasonably discussed the plea offer with

---

Support of Petition for Leave to Supplement His Section 2255 Motion, Attachment B to Ramirez Decl.; 11/8/12 Affidavit of Edgardo Ramirez, petitioner's brother, in Support of Petition for Leave to Supplement His Section 2255 Motion, Attachment C to Ramirez Decl.; 11/8/12 Affidavit of Bielka Filpo, petitioner's wife, in Support of Petition for Leave to Supplement His Section 2255 Motion, Ex. D to Ramirez Decl.

[62]     Scolari Letter at 1.

[63]     *Id*.

[64]     *Id*.

[65]     *Id*.

Ramirez and adequately advised him of the possible outcome of the case. Additionally, she points out that Ramirez was made an offer of "twenty *or more* years."[66]  This letter is not enough to establish a plausible claim that the government actually extended a plea offer of twenty years to Ramirez.  Thus, I find Scolari's account of the plea negotiations and her advice to Ramirez concerning that offer, to be more credible than Ramirez's self-serving and conclusory statements and an evidentiary hearing is not warranted.[67]  It is worth noting that the identical affidavits of Ramirez's family members are also likely not credible.  As the Government points out, Ramirez's wife, Filpo, gave false testimony during the trial and later invoked her Fifth Amendment privilege against providing further testimony when her statements were contradicted by bank records.  Based upon Scolari's narrative, I find that she satisfied her duty in advising Ramirez as to the plea offer, and that Ramirez was reasonably informed of the strength of the Government's case.  Accordingly, I find that Ramirez has not met his burden to show that Scolari failed to communicate a plea offer to him and that her

---

[66]     *Id.*

[67]     *See Chang*, 250 F.3d at 85-86 (finding that because defense counsel's "detailed description of events" was deemed more credible than petitioner's "self-serving and improbable assertions," an evidentiary hearing was unnecessary).

performance fell below "an objective standard of reasonableness."[68]

### B.    Ramirez Failed to Demonstrate Prejudice

Ramirez has also not made the requisite showing of prejudice by proving that but for his counsel's ineffective advice, he would have accepted a plea.  In his declaration, Ramirez states that had he known that "the government lowered its initial plea offer from 25 years to 20 years, [he] would have unquestionably accepted the 20 years."[69]  Ramirez claims that "[t]here are stark differences between accepting a plea for twenty years and rejecting a plea for twenty-five years and proceeding to trial and being sentenced to concurrent sentences of life imprisonment."[70]  A defendant's affidavit that he would have accepted a plea offer but for counsel's deficient performance must be accompanied by some 'objective evidence' such as a significant sentencing disparity.[71]  When a "'defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea . . . the issue is whether the defendant was

---

[68]    *Strickland*, 466 U.S. at 688.

[69]    Ramirez Decl. ¶ 8.

[70]    *Id*.

[71]    *Raysor*, 647 F.3d at 495.

aware of actual sentencing possibilities.'"[72]

Ramirez was sentenced to life imprisonment followed by five years based on: concurrent sentences of life imprisonment for Counts 1, 2, 4, 5, 15 and 16; concurrent terms of twenty years on Counts 13 and 14; and five years on Count 23, to run consecutive to the sentence on all other counts.[73]  The record establishes that at the time Ramirez opted to proceed to trial, he was aware that he faced a possible sentence longer than twenty-five years.  As noted in Scolari's letter, they "discussed the offer at length," she expressed her "concern[] about ... [Ramirez] receiving a life sentence," and she "tried to convince [him] to plead because of the high likelihood of conviction and a much greater sentence."[74]  According to Scolari, it was Ramirez who decided "that twenty years was so long that it was no different from a life sentence" and consequently rejected the offer.[75]  Moreover, at sentencing, Ramirez did not indicate any lack of awareness concerning the mandatory life sentence the Government was seeking.  When asked if he had reviewed the presentence report – in which the Probation Department

---

[72]     *Arteca*, 411 F.3d at 320 (quoting *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992)).

[73]     *See* 1/24/02 Hearing Transcript ("Tr."), at 13-14.

[74]     Scolari Letter at 1.

[75]     *Id*.

recommended life imprisonment on Counts 4, 5, 8, 9, 10, 15 and 16[76] and which the sentencing judge ultimately accepted – Ramirez affirmed and stated that he had no objection.[77]   Ramirez's current contention that he would have accepted a plea offer of twenty years is contradicted by his rejection of the government's twenty-five year offer and Scolari's statement that he felt "that [the twenty year offer] was no different from a life sentence."[78]   Thus, despite the sentencing disparity between the plea offer and Ramirez's ultimate sentence, his statements that he was unaware that he risked life imprisonment and would have accepted a plea offer but for his counsel's ineffective assistance, are not credible.   Accordingly, because Ramirez cannot demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" he has not made a showing that he was prejudiced by Scolari's alleged failure to advise him of a plea offer.[79]

## V.   CONCLUSION

For the foregoing reasons, Ramirez's section 2255 petition to

---

[76]   Count 16 concerned the kidnaping of Francisco Soto which resulted in his death and called for a mandatory life sentence.  *See* Tr. at 11.

[77]   *See id*. at 12.

[78]   Scolari Letter at 1.

[79]   *Strickland*, 466 U.S. at 687.

supplement is denied.  Ramirez has not shown that Scolari's representation was objectively unreasonable with respect to the plea negotiations nor that he suffered prejudice as a result.  The Clerk of the Court is directed to close this motion [Dkt. No. 28].

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.


Dated: New York, New York
       October 20, 2014

-21-

**- Appearances -**

**Petitioner (Pro Se):**

Luis Ramirez
Reg. No. 42303-054
United States Penitentiary Lewisburg
P.O. Box 1000
Lewisburg, PA 17837-1000

**For the Government:**

Michael D. Lockard
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2193